UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:24-cv-24728

LINDA TREMBLAY,
    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
A BERMUDA COMPANY
d/b/a Norwegian Cruise Line,
    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AND IN, THE ALTERNATIVE,
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff, Linda Tremblay ("Plaintiff"), by and through the undersigned counsel, submits this Response in Opposition to Defendant's Motion to Dismiss (D.E. 9), and to the extent, that this Court grants Defendant's Motion, Plaintiff respectfully moves this Court for leave to amend the Complaint and, in support thereof, states the following:

As detailed in the Complaint, Plaintiff sustained serious injuries from a slip-and-fall incident on the steps of the hot tub/jacuzzi at the spa aboard Defendant's *Norwegian Pearl* on May 27, 2023. The Complaint describes the dangerous condition that caused the fall (D.E. 1 ¶¶ 10, 12), supports these allegations with factual assertions (D.E. 1 ¶ 10), and adequately pleads notice (either actual, constructive, or both) (D.E. 1 ¶¶ 16–18), including prior similar incidents on the same or similar flooring surfaces at the spa facilities aboard sister-class ships.

Standards for pleading actual and/or constructive notice are established by Eleventh Circuit case law. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710 (11th Cir. 2019); *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275 (11th Cir. 2015); and *Brady v. Carnival Corp.*, 33 F.4th

1278, 1281 (11th Cir. 2022). Constructive notice may be alleged in several ways, including identifying prior similar incidents or showing that a hazardous condition existed for a sufficient length of time.

The standard is simply whether the prior and current incidents are "similar enough to allow the jury to draw a reasonable inference" that the cruise line should have foreseen the current incident. *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4-5 (11th Cir. Apr. 25, 2022). The "'substantial similarity' doctrine does not require identical circumstances and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels*, 796 F.3d at 1287. In fact, at the motion to dismiss stage, allegations of substantial similarity would still be sufficient even if the prior incidents were on different areas of the same ship or even on entirely different ships. *Spotts v. Carnival Corp.*, 711 F. Supp. 3d 1360, 1365 (S.D. Fla. 2024) (quoting *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1111 (S.D. Fla. July 10, 2023)). Indeed, the prior incident evidence need not be so granular as to establish advance knowledge, for example, of a "particular puddle" on which a passenger slipped; it suffices in a slip and fall case for the cruise line to have constructive notice "more generally" that the area where the passenger fell has a "reasonable tendency" to become slippery. *Brady*, 33 F.4th at 1281.

In her Complaint, Plaintiff identified three prior slip-and-fall incidents, the location of these falls (i.e., the spa, which all use the same or similar flooring surfaces), and that they occurred aboard *Norwegian Pearl* sister-class ships. The identification of these prior incidents—even if occurring on different ships—provides a reasonable basis for alleging constructive notice. *Spotts*, 711 F. Supp. 3d at 1365.

In its Motion, Defendant argues that these prior incidents are not substantially similar because they did not occur on the same vessel, on steps, or on steps of a hot tub/jacuzzi. Again, the relevant inquiry is not whether prior falls happened at the exact same location, but whether Defendant was on notice that wet flooring in the spa area—including around water-exposed surfaces—posed a foreseeable slipping hazard.

Plaintiff has clearly identified multiple prior slip-and-fall incidents occurring within the spa area, where wet flooring was a known, recurrent hazard. The mechanism of injury is the same—passengers encountering dangerously slippery surfaces due to water accumulation in a high-traffic spa setting. If slip-and-fall incidents in the spa were a known issue, then it was entirely foreseeable that the hot tub/jacuzzi area—one of the primary sources of water exposure in the spa—posed the same or greater risk of slipping. As established in *Brady*, a plaintiff need not prove that the defendant had actual knowledge of the specific hazard that caused the injury, but only that it was aware of the general risk associated with the area's conditions. 33 F.4th at 1281. Here, Plaintiff's allegations clearly demonstrate that the spa's flooring, both inside and outside—including the steps of the hot tub/jacuzzi—was prone to becoming dangerously slippery, a recurring condition that Defendant was aware of due to prior incidents. Accordingly, Defendant's Motion based upon alleged notice inadequacy should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion to Dismiss. Alternatively, if the Court determines that dismissal is warranted, Plaintiff respectfully requests leave to amend.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system, this 17th day of January 2025.

**Mesin & Co.**

*/s/ Eugene Mesin*
**Eugene Mesin, Esq.**
Florida Bar No.: 1030814
777 Brickell Avenue, Suite 500
Miami, FL 33131
t: (786) 944-6446
f: (786) 496-9879
e: emesin@mesinco.com
*Attorneys for Plaintiff*