UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 24-24728-CIV-MORENO

LINDA TREMBLAY,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., d/b/a
Norwegian Cruise Line,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In this cruise line slip-and-fall case, Plaintiff Linda Tremblay asserts a single claim for negligence against Defendant NCL (Bahamas) Ltd. Specifically, Ms. Tremblay alleges that Defendant is liable for the injuries she suffered after she slipped and fell while walking on the steps of the hot tub/jacuzzi[1] located at Defendant's spa facility. Defendant filed a Motion to Dismiss on grounds that Ms. Tremblay fails to allege that Defendant had actual or constructive notice of the alleged hazard. In her Opposition, Ms. Tremblay insists that her Complaint adequately alleges notice and breach of duty. The Court grants Defendant's Motion to Dismiss, holding that Ms. Tremblay's Complaint fails to adequately allege notice. Accordingly, the Complaint is dismissed without prejudice with leave to amend as to the allegations regarding notice. Specifically, any Amended Complaint should include allegations that Defendant had actual notice, or that the surface was dangerous for a sufficient period of time to invite corrective measures, or

---

[1] Plaintiff describes the area where she fell as the steps of the hot tub/jacuzzi. For brevity, the Court will refer to the hot tub/jacuzzi as "the hot tub" throughout the remainder of the Order.

Ms. Tremblay should include evidence of substantially similar incidents in which similar conditions surrounding steps of hot tubs or jacuzzies caused prior accidents.

## BACKGROUND

In her Complaint, Ms. Tremblay alleges that on May 27, 2023, she was a paying passenger on the *Norwegian Pearl*, a passenger cruise owned and operated by Defendant, when she suffered bodily injury after slipping and falling while walking on the steps of the hot tub located at the vessel's spa facility. She alleges that an excessive amount of water had accumulated on the steps.

Ms. Tremblay goes on to allege that Defendant breached its duty owed to her by (1) failing to maintain the steps of the hot tub in a reasonably safe and proper condition; (2) failing to inspect the steps in a diligent manner to determine the presence of accumulated water; (3) failing to warn her of the existence of the water on the steps of the hot tub; (4) allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this vessel, including the area where she fell; and (5) engaging in negligent care, maintenance, and upkeep of the steps of the hot tub by allowing the accumulation of water to exist on the steps of the hot tub.

Ms. Tremblay states that Defendant had actual and/or constructive knowledge of the dangerous condition because it was created by improper inspection, cleaning, and maintenance, and because Defendant should have discovered and remedied the condition before Plaintiff suffered severe injuries. Further, she alleges that Defendant had constructive knowledge (1) because of the length of time the condition existed; (2) because the nature of the condition was unreasonably dangerous and was apparent to any of Defendant's employees, but not readily apparent to Ms. Tremblay; (3) because the steps of the hot tub can become unreasonably dangerous when exposed to water and must therefore be regularly inspected and maintained; and (4) because the dangerous condition, a similar condition, or the cause of the dangerous condition, was

repetitive, continuous, ongoing, recurring, or occurring with some regularity. Ms. Tremblay then cites to three prior incidents involving passengers injured due to allegedly the same or similar conditions on other vessels owned and operated by Defendant to demonstrate knowledge of the hazardous condition.

Ms. Tremblay further states that in the alternative, Defendant created the dangerous condition through its active negligence, and thus, notice is not required. Finally, Ms. Tremblay alleges that as a direct and proximate cause of Defendant's negligence, she has suffered physical and emotional injuries and other damages that are permanent or continuing in nature.

## **LEGAL STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

## **DISCUSSION**

To state a negligence claim, Ms. Tremblay must allege: (1) Defendant had a duty to protect her from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused her injury; and (4) she suffered actual harm. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Under federal maritime law, a ship owner owes all passengers a duty of exercising reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). Importantly, "where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure"—as is the case here—Ms. Tremblay must also allege factual matter demonstrating that Defendant "had actual or constructive notice of the risk-creating condition." *Pizzino*, 709 F. App'x at 565 (quoting *Keefe*, 867 F.2d at 1322).

Defendant argues that Ms. Tremblay has failed to provide any factual allegations to support her claim that Defendant had actual or constructive notice of the hazard which allegedly caused her injury. Defendant claims that Ms. Tremblay's allegations are vague and conclusory, and further, that the three prior incidents she identifies in her Complaint are not substantially similar to allege constructive notice. In her response, Ms. Tremblay claims that she describes the dangerous condition that caused her fall and supports her allegations with factual assertions. Further, she argues that her identification of three prior slip-and-fall accidents that occurred aboard *Norwegian Pearl* sister-class ships provides a reasonable basis for alleging constructive notice. Defendant's reply argues that the Complaint does not provide any specifics or factual assertions about the alleged incident, and again argues that the incidents relied upon by Ms. Tremblay are easily distinguishable and do not sufficiently demonstrate notice.

The Eleventh Circuit has "identified at least two ways that constructive notice can be shown." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). First, a plaintiff may present evidence "that the defective condition existed for a sufficient period of time to invite corrective measures." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019). Second, a plaintiff may come forward "with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (internal quotation marks omitted). Here, Ms. Tremblay's Complaint does not provide any specific evidence as to the period of time the allegedly defective condition existed. Thus, the Court will look only to the substantially-similar-incident avenue to demonstrate constructive notice.

With regard to the substantially-similar-incident requirement, the Eleventh Circuit has explained that it "does not require identical circumstances[] and allows for some play in the joints." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015). The relevant question under the standard is whether "the two incidents were similar enough to allow the jury to draw a reasonable inference" concerning the cruise ship operator's "ability to foresee" the incident at issue. *Id.* at 1288 (quoting *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985)).

By way of example, this Court has found that a plaintiff who slipped and fell "in a large puddle of water, at least 2 feet by 25 feet" on the Lido Deck of the *Carnival Pride* sufficiently demonstrated constructive notice by identifying "40 prior instances when a passenger slipped and fell on a wet floor on the Lido deck," with "more than half of those (25) occurring on the *Carnival Pride*." *Spotts v. Carnival Corp.*, 711 F.Supp.3d 1360, 1362–65 (S.D. Fla. 2024); *see also Green v. Carnival Corp.*, 614 F.Supp.3d 1257, 1263–64 (S.D. Fla. 2022) ("Plaintiff alleges fifteen (15) prior substantially similar incidents . . . that support that [d]efendant was on constructive notice of

5

a risk-creating condition that was recurring in the same location on its vessels."); *Pride v. Carnival Corp.*, 2023 WL 6907813, at *5 (S.D. Fla. Oct. 19, 2023) ("Plaintiff has provided full names and dates of passengers who also allegedly fell on the same ship . . . and on the same deck material prior to [p]laintiff's incident . . . . Those allegations support the inference that a substantially similar incident occurred due to a substantially similar condition. Accepting the allegations as true, [p]laintiff plausibly alleges that[d]efendant had constructive notice based on substantially similar incidents and conditions.").

Ms. Tremblay does not sufficiently demonstrate constructive notice by identifying three prior slip-and-fall incidents that span across four and a half years, the most recent of which occurred over five months before her slip-and-fall. In *Burke*, the plaintiff slipped and fell when entering the spa onboard the *Norwegian Gem. Burke v. NCL (Bahamas) Ltd.*, No. 23-cv-24631. In *Hester*, the plaintiff slipped and fell on ice when entering the spa on the *Norwegian Escape. Hester v. NCL (Bahamas) Ltd.*, No. 20-cv-23208. Finally, in *Kessler*, the plaintiff was walking in or near the entryway of the spa on the *Norwegian Breakaway* when she slipped and fell. *Kessler v. NCL (Bahamas) Ltd.*, No. 19-cv-20583. None of the cited events took place on the *Norwegian Pearl*. More importantly, none of the cited events took place on a wet staircase—let alone a wet staircase leading into a hot tub. Further, the Court has no way of knowing whether the deck or floor material in the three events above were the same as the material of the stairs on which Ms. Tremblay slipped and fell. In other words, none of the prior incidents alleged by Ms. Tremblay are sufficiently recent, nor do they take places on stairs, nor do they take place on the same ship

Ms. Tremblay argues that the mechanism of injury in the above-mentioned cases is the same in that passengers encountered dangerously slippery surfaces due to water accumulation in a high-traffic spa setting. Thus, she posits, if the slip-and-fall incidents in the spa were a known

6

issue, then it was foreseeable that the hot tub area posed the same or greater risk of slipping as it is one of the primary sources of water exposure in the spa. The Court disagrees.

Aside from the fact that Ms. Tremblay describes each incident as occurring in or near the spa of three different vessels, the Complaint entirely fails to allege any other facts to demonstrate that the incidents were substantially similar to the one in this case. If the Court were to hold that these prior incidents demonstrate constructive notice, it would be ignoring well-established Eleventh Circuit precedent. Ms. Tremblay does not explain in the context of her case, nor in the context of the cited cases, whether the amount of water was the same or similar, how long the water was there, where the water came from, whether any employee was aware of the water, or whether the surfaces on which she and the other plaintiffs slipped were the same. Without more, the Court cannot hold that Defendant had constructive notice of a dangerous condition merely because over the course of four and a half years and across several vessels, three other passengers suffered injuries when they slipped and fell in or around other vessels' spas.[2]

Accordingly, the Court finds that Ms. Tremblay has failed to plead sufficient facts to demonstrate that Defendant had notice of the allegedly dangerous condition. And because the single Count of Ms. Tremblay's Complaint requires that Defendant had either actual or constructive notice, the instant Motion is granted.

---

[2] Ms. Tremblay's Complaint also states that in the alternative, Defendant created the dangerous condition through its active negligence, and thus, notice is not required. The Eleventh Circuit has held that a lower court's conclusion "that a cruise line operator could be liable for negligence without actual or constructive notice as long as it 'negligently created or maintained its premises,'" was erroneous as it "relied on Florida law—not federal maritime law." *Everett v. Carnival Cruise Lines*, 912 F.2d 1255, 1358 (11th Cir. 1990). The Eleventh Circuit further noted that such a conclusion contravenes Eleventh Circuit precedent that "as a prerequisite to imposing liability, [] the carrier [must] have had actual or constructive notice of the risk-creating condition." *Id.* (quoting *Keefe*, 867 F.2d at 1322). In any event, Ms. Tremblay does not make such an argument in her response to the instant Motion, so the Court declines to further address it.

7

## CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ADJUDGED** that Ms. Tremblay is granted leave to file an Amended Complaint, which she must do no later than **March 31, 2025**. The Amended Complaint must include relevant factual allegations supporting Defendant's actual or constructive notice of the risk-creating condition. Specifically, Ms. Tremblay should include any allegations that Defendant had actual notice, or that the surface was dangerous for a sufficient period of time to invite corrective measures, or she should include evidence of substantially similar incidents in which similar conditions surrounding steps of hot tubs or jacuzzies caused prior accidents. Each of Ms. Tremblay's theories of negligence must also be supported by relevant factual allegations. Should Ms. Tremblay fail to timely file an Amended Complaint, the Court will direct the Clerk of Court to close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th of March, 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record